James A. Roe, Jr., J.
In this action for damages for the alleged breach of a construction contract, defendant Marloff Associates, Inc., and third-party defendant Jacob Schneider move to dismiss the action pursuant to CPLR 3216 for plaintiff’s failure to prosecute upon the ground of general delay.
The action was commenced by the service of a summons and complaint on September 17,1956. The moving defendant served its answer on November 14, 1957, although issue was joined by other defendants as early as September 26, 1956. Few, if *969 any, steps were taken in this action from the joinder of issue until plaintiff served a note of issue and statement of readiness on February 2, 1967 and filed the same on February 6, 1967 pursuant to a 45-day demand therefor served on December 23, 1966 by Union Parquet Flooring Co., denominated a fourth-party defendant in this action.
A recent amendment to CPLR 3216, signed into law by the Governor on May 2, 1967, must be considered on this motion (L. 1967, ch. 770). The court is aware that the act provides that it shall take effect on September 1, 1967 (L. 1967, ch. 770, § 2). However, the Appellate Division, Second Department, in Dooley v. Gray (22 A D 2d 791), Gilligan v. Farmers Co-op. Marketing Assn. (23 A D 2d 850) and McLoughlin v. Weiss (23 A D 2d 881) applied the legislative intent inherent in the 1964 amendment to CPLR 3216 prior to the September 1, 1964 effective date (L. 1964, ch. 974, § 2) of that amendment. The Dooley case is of particular import as there the Appellate Division reversed an order dated March 26,1964 dismissing an action for failure to prosecute by reason of the 1964 amendment even though the Governor had not signed that legislation until April 24,1964.
The text of the recent amendment clearly manifests an intent on the part of the Legislature to override the effect of decisions such as Commercial Credit Corp. v. Lafayette Lincoln-Mercury, Inc. (17 N Y 2d 367) and Thomas v. Melbert Foods (19 N Y 2d 216) which limited the applicability of the 1964 amendment. By reason of the Dooley, Gilligan and McLoughlin decisions, the legislative intent of the recent amendment must be given effect in this case. (Loftsson v. City of New York, N. Y. L. J., May 22, 1967, p. 21, col. 8, Holtzman, J.)
Under CPLR 3216 (subd. [b], par. [3]), as recently amended, a motion to dismiss, whether on the ground of failure to file a note of issue or of general delay, cannot be granted unless a 45-day notice has been served by the moving party. Under subdivision (c) thereof, a motion, regardless of the ground, must be denied if a note of issue was filed pursuant to a demand therefor. Under subdivision (d) thereof, any neglect, failure or delay in the prosecution of an action prior to the filing of a note of issue may not provide the basis for dismissal after such filing. Each one of the above-mentioned subdivisions provides a basis for denial of this motion.
Further, the court notes that plaintiff’s case is not without merit. (Gilligan v. Farmers Co-op. Marketing Assn., Inc., supra; see Waldron v. Ward, 24 A D 2d 470.) Accordingly, the motion is denied.